1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  TODD ASHKER,                            No. C 09-2948 CW
                                           (PR)
10         Plaintiff,

11    v.                                   ORDER REVIEWING
                                           COMPLAINT UNDER 28
12  MATTHEW CATE, FRANCISCO JACQUEZ,       U.S.C. § 1915A,
    MICHAEL SAYRE, MAUREEN MCLEAN, SUE     ORDERING SERVICE
13  RISENHOOVER, JAMES FLOWERS, PAM        OF COGNIZABLE
    LABANS, R. ROBINSON, DWIGHT            CLAIMS AND
14  WINSLOW, WILLIAM BARLOW, J.R.          DISMISSING NON-
    ANDRADA, and DOES 1-10,                COGNIZABLE CLAIMS
15
           Defendants.
16
    _____/
17

18                           BACKGROUND

19      Pro se Plaintiff Todd Ashker, a California state prisoner

20  incarcerated at Pelican Bay State Prison (PBSP), filed this civil

21  rights complaint with pendant state law claims.  The Court now

22  reviews the claims under 28 U.S.C. § 1915A.[1]  Venue is proper

23  because the events giving rise to the claims are alleged to have

24  occurred in counties located in this judicial district.

25      In his complaint, Plaintiff alleges the following.  Plaintiff

26

27      _____

        [1]Plaintiff paid the full filing fee in this action; therefore,
28  the Court reviews his complaint under § 1915A, not the provisions
    of the in forma pauperis statute (28 U.S.C. § 1915(e)).

has a permanently disabled right arm.  As a result of his
discomfort and inability fully to use his right arm and hand
without experiencing pain, Plaintiff requires treatment that
Defendants have failed to provide to him.

Plaintiff has filed several previous cases against PBSP
medical practitioners and prison employees regarding the medical
care he has received for his disabled right arm and wrist.   In
Ashker v. Cal. Dept. of Corrections, C 97-01109 CW, Plaintiff
asserted, among other things, Eighth Amendment claims against
prison officials based on inadequate medical care over a period of
years for his right arm and wrist.  On May 24, 2002, the parties
entered into a Settlement Agreement with respect to Plaintiff's
medical claims and final judgment was entered in that case on
September 11, 2002.  The 2002 Settlement Agreement provided that
Defendants would pay Plaintiff $37,500 in full settlement of all
claims and that they would provide him with physical therapy,
continued and appropriate use of an arm brace, referral to a pain
management consultant at UC Davis Medical Clinic and
implementation of the pain management regimen recommended by the
UC Davis pain specialist.  The 2002 Settlement Agreement provided
that this medical care would continue until Plaintiff's medical
needs changed.

Because PBSP medical practitioners and prison employees
failed to adhere to the 2002 Settlement Agreement, Plaintiff
initiated a new suit, Ashker v. Sayre, C 05-03759 CW, which
advanced an Eighth Amendment civil rights claim as well as pendant
state law claims.  Issues regarding Plaintiff's medical care up to

2

1  June 18, 2007, the date Plaintiff filed a supplemental complaint,

2  were litigated in that case.  A jury returned a verdict for

3  Plaintiff on May 22, 2009.

4  Plaintiff's instant complaint makes allegations concerning

5  his medical care at PBSP from October 6, 2006 to the present.  The

6  named Defendants are identified as follows: (1) Matthew Cate is

7  the Secretary of the California Department of Corrections and

8  Rehabilitation (CDCR); (2) Francisco Jacquez is the warden of

9  PBSP; (3) Michael Sayre is the chief medical officer at PBSP;

10 (4) Maureen McLean is the health care manager at PBSP; (5) Sue

11 Risenhoover is a nurse practitioner at PBSP; (6) James Flowers,

12 Pam Labans and R. Robinson are registered nurses at PBSP;

13 (7) Dwight Winslow is the statewide medical director of CDCR;

14 (8) William Barlow is the litigation coordinator at PBSP; and

15 (9) J.R. Andrada represented the defendants in Ashker v. Sayre,

16 C 05-03759 CW.

17 The following claims for relief are stated: (1) under 42

18 U.S.C. Section 1983 for violation of Plaintiff's Eighth Amendment

19 rights by Defendants Cate, Jacquez, Sayre, McLean, Risenhoover,

20 Flowers, Labans and Robinson in that they acted with deliberate

21 indifference to his medical needs by withholding adequate medical

22 treatment from him; (2) under 42 U.S.C. Section 1983 for violation

23 of Plaintiff's Eighth Amendment rights and his Fourteenth

24 Amendment rights to Due Process and Equal Protection by Defendants

25 Cate, Jacquez, Sayre, McLean, Risenhoover, Flowers, Winslow,

26 Barlow, and Andrada in that they conspired during the trial of

27 Ashker v. Sayre,  C 05-03759 CW, to commit perjury and submit

28

3

false evidence and declarations, failed to remedy systemic problems in the provision of medical care to inmates, and failed to provide adequate medical treatment to him; (3) state law claims based on "negligence - medical malpractice, intentional conspiracy" for failure to provide him adequate medical treatment and for conspiring to abuse the "CDCR-Administrative and Federal Court process."

LEGAL STANDARD

I.   Title 28 U.S.C. Section 1915A

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

II.  Title 42 U.S.C. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se pleadings must be construed liberally.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim

4

under § 1983. <u>Woodrum v. Woodword County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989). Furthermore, a plaintiff must allege that a constitutional right was violated; conspiracy, even if established, does not give rise to liability under § 1983 unless there is such a deprivation. <u>Id.</u>

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." <u>Redman</u>, 942 F.2d at 1446.

DISCUSSION

I. <u>Res Judicata</u>

    A. Legal Standard

Res <u>judicata</u>, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. <u>Western Radio Servs. Co., Inc. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981)). The purpose of the doctrine is to "relieve parties of the cost and

vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." <u>Marin v. HEW, Health Care Financing Agency</u>, 769 F.2d 590, 594 (9th Cir. 1985) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)). <u>Res</u> <u>judicata</u> operates where there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." <u>Western Radio</u>, 123 F.3d at 1192 (citing <u>Blonder-Tongue Lab. v. University of Ill. Found.</u>, 402 U.S. 313, 323-324 (1971)).

Two claims or causes of action are the same, for purposes of the first prong of the <u>res</u> <u>judicata</u> test, if they arise from the same transaction or series of transactions. Two claims are part of the same transaction or series of transactions where they share a factual foundation such that they could have been tried together. <u>Western Sys., Inc. v. Ulloa</u>, 958 F.2d 864, 871 (9th Cir. 1992). "Different theories supporting the same claim for relief must be brought in the initial action." <u>Id.</u> Likewise, all evidence pertinent to a particular claim must be raised in the initial action because "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." <u>Commissioner of Internal Revenue v. Sunnen</u>, 333 U.S. 591, 597 (1948) (internal quotation marks omitted).

B. Discussion

On June 18, 2007, Plaintiff filed a supplemental complaint in Ashker v. Sayre, C 05-03759 CW.  Any claims concerning Plaintiff's medical care at PBSP that were ripe as of June 18, 2007 could have been made in the supplemental complaint, so Plaintiff is now barred by res judicata from raising any of those claims in a new suit.  In this complaint, although Plaintiff makes allegations concerning his medical care during the period from October 6, 2006 to the present, the Court will not consider events that occurred before June 18, 2007, unless a claim involving these events was not ripe as of June 18, 2007.  In particular, Paragraphs 183 through 274 of the complaint are copied verbatim from a declaration that Plaintiff submitted to the Court on September 29, 2006 in Ashker v. Sayre, C 05-03759 CW (Docket No. 53).  The Court finds that all claims arising from these allegations were ripe as of June 18, 2007.  Accordingly, the Court disregards Paragraphs 183 through 274 of the complaint.

II.  Conspiracy During Trial

Plaintiff alleges that Defendants Cate, Jacquez, Sayre, McLean, Risenhoover, Flowers, Winslow, Barlow and Andrada conspired to violate his constitutional rights during the litigation of Ashker v. Sayre, C 05-03759 CW.  Plaintiff alleges that these Defendants fabricated information in medical records submitted to the Court, committed or suborned perjury in declarations and trial testimony, and tampered with evidence.  These allegations form the basis for part of Plaintiff's second claim under 42 U.S.C. Section 1983 and for part of Plaintiff's third claim under state law.

Participants in a trial have absolute immunity from liability for civil damages under Section 1983 for giving perjured testimony at trial and for conspiring to present their own or another witness's perjured testimony at trial. <u>Franklin v. Terr</u>, 201 F.3d 1098, 1099 (9th Cir. 2000). This litigation privilege applies to tort claims under California state law as well. <u>Silberg v. Anderson</u>, 50 Cal. 3d 205, 212 (1990). "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." <u>Id.</u> Thus, Defendants are immune from state tort claims and claims under 42 U.S.C. Section 1983 for the alleged conspiracy and perjury.

Moreover, Plaintiff does not allege facts that would establish that the alleged conspiracy affected his medical treatment, in violation of his Eighth Amendment rights. Nor does Plaintiff allege facts that would establish that the alleged conspiracy resulted in a violation of his Fourteenth Amendment rights of Due Process and Equal Protection. Indeed, despite the alleged conspiracy, Plaintiff prevailed in <u>Ashker v. Sayre</u>, C 05-03759 CW. Thus, Plaintiff does not state a cognizable constitutional or state law claim arising from the alleged conspiracy.

Defendant Barlow, the litigation coordinator at PBSP, and Defendant Andrada, who represented the defendants in <u>Ashker v. Sayre</u>, C 05-03759 CW, are named only because of their alleged involvement in the alleged conspiracy. They are not alleged to be

involved in the provision of health care to Plaintiff. Therefore, Plaintiff states no cognizable claims against them.

III. State Law Claims

Plaintiff advances state law claims that are based on the same allegations that underlie his federal constitutional claims. As stated above, no cognizable state law claims arise from the alleged conspiracy during his previous litigation; any cognizable state law claims must be based on Plaintiff's allegations concerning his medical care.

Plaintiff alleges that Defendants are liable to him for negligence because they have breached their duty of care to ensure that he does not suffer unnecessary pain and aggravation of his underlying medical condition. Because a review of Plaintiff's Eighth Amendment claim also requires a review of his allegations concerning medical care, the question whether Plaintiff has a cognizable negligence claim against a particular Defendant will be considered together with the question whether Plaintiff has a cognizable Eighth Amendment claim in the next section.

IV. Eighth Amendment Claim Based on Deliberate Indifference to Serious Medical Needs

In his first and second claims for relief, Plaintiff alleges that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment because they have acted with deliberate indifference to deny him the medical care he requires.

A. Legal Standard

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual

**United States District Court**
For the Northern District of California

punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. <u>Id.</u>

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." <u>Id.</u> (citing <u>Estelle</u>, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. <u>Id.</u> at 1059-60 (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." <u>Id.</u> If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. <u>Gibson v.</u>

*County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). A finding that the defendant's activities resulted in "substantial" harm to the prisoner is not necessary, however.

Once the prerequisites are met, it is up to the fact-finder to determine whether deliberate indifference was exhibited by the defendant. Such indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care. *McGuckin*, 974 at 1062.

B. Discussion

Plaintiff alleges that he continues to experience significant pain from his injured arm. He also alleges that on December 20, 2008, he was examined by a pain specialist, Dr. Carl Shin. (Complaint, ¶ 306.) Dr. Shin's findings are cited to support Plaintiff's allegations about his pain and limitations. If Plaintiff's allegations are found to be true, the injury to his arm would constitute a serious medical need. Thus, whether Plaintiff has a cognizable claim against a particular Defendant for violation of the Eighth Amendment due to deliberate indifference depends on the nature of the Defendant's response to that need. The Court considers the allegations made about each Defendant.

1. Defendant Flowers

Plaintiff alleges that Defendant Flowers, a nurse at PBSP, was aware of Plaintiff's serious medical needs, that on multiple occasions Plaintiff complained of severe pain to Flowers, who recorded the health care request as "routine," and that as a result Plaintiff did not receive the treatment required for his level of pain. (Id., ¶¶ 277, 278, 281.) Deliberate indifference can be inferred from these allegations. Plaintiff has stated a cognizable claim for violation of the Eighth Amendment against Defendant Flowers.

As a nurse, Defendant Flowers has a professional duty of care to those he treats. Plaintiff alleges breaches of that duty, causing him to experience unnecessary pain. Plaintiff's allegations present a prima facie case for negligence, a cognizable state law claim, against Defendant Flowers.

2. Defendants Labans and Robinson

Plaintiff alleges that on August 2, 2007, Defendants Labans and Robinson, nurses at PBSP, made a notation in his medical file that he had a history of drug abuse. Plaintiff alleges that this statement is false and that, despite numerous administrative requests, he has been unable to have the notation removed. Plaintiff claims that a notation of drug abuse in his record is used to deny him needed pain medication. Plaintiff has alleged a cognizable claim for negligence against these Defendants. However, these allegations do not state an Eighth Amendment claim against these Defendants.

12

3. Defendant Risenhoover

Plaintiff alleges that he met with Defendant Risenhoover, a nurse practitioner at PBSP, on numerous occasions when she ignored his complaints and did not provide adequate care. As an example, Plaintiff alleges that

> Ashker had repeatedly told Risenhoover the ibuprofin/tylenol was not adequate, and hurt his stomach causing chronic diarrhea, and his pain was to point [sic] of causing prolonged sleep loss etc etc, on at least (30) occasions, between Oct. 6, 2006 and Dec. 19, 2008. Her response was, "that's all you have coming in SHU [Secure Housing Unit], it's your choice, take it or leave it."

(Id. ¶ 293.) Thus, Plaintiff alleges that Defendant Risenhoover was aware of his serious medical need, and of the risk that his pain would continue if she did not act, and she deliberately failed to act to relieve the continuing pain. Plaintiff's allegations state a cognizable Eighth Amendment claim against Defendant Risenhoover.

As a nurse practitioner, Defendant Risenhoover has a professional duty of care to those she treats. Plaintiff alleges breaches of that duty, causing him to experience unnecessary pain. Plaintiff's allegations present a prima facie case for negligence against Defendant Risenhoover.

4. Defendant Sayre

Plaintiff filed a 602 appeal[2] on September 3, 2008 and

---

[2] The 602 appeals process is an administrative remedy within the California Department of Corrections and Rehabilitation that provides a procedure for prisoners to have their grievances resolved by prison officials.

Defendant Sayre, the chief medical officer at PBSP, was responsible for the first level of review. (Id. ¶¶ 297-98.) The appeal presented complaints that Plaintiff's arm pain was not being adequately treated and that he had not had proper sleep for months. (Id.) The appeal requested that he be prescribed adequate medication and that he be seen by a qualified specialist. (Id.) Although regulations required Defendant Sayre to respond to the appeal within thirty days, he did not respond until December 2, 2008. (Id.) Defendant Sayre partially granted Plaintiff's appeal and indicated that PBSP would arrange for an independent review of his case to determine the proper level of medication required. (Id. ¶ 303.)[3] The independent review was performed by Dr. Williams,[4] a PBSP physician, who changed Plaintiff's pain medication, after which Plaintiff experienced less pain and better sleep. (Id. ¶ 315.)

Defendant Sayre was aware of Plaintiff's long history of suffering from pain and failure to receive adequate medical treatment for it. Under these circumstances, Defendant Sayre's denial of Plaintiff's legitimate request for a change in his pain medications may have caused Plaintiff unnecessary pain. Defendant Sayre's delay in responding to Plaintiff's appeal also may have

---

[3]Although Plaintiff does not specify what part of his request Defendant Sayre denied, he must have denied Plaintiff's request for an immediate change in his pain medication.

[4]Dr. Williams' first name is not provided in the complaint.

14

caused him to experience unnecessary pain, especially in light of the fact that Defendant Sayre eventually granted Plaintiff's request to see a pain specialist. These allegations, therefore, are sufficient to state Eighth Amendment and negligence claims against Defendant Sayre.

5. Defendant McLean

Defendant McLean is the health care manager at PBSP. After Defendant Sayre had decided the 602 appeal discussed above, Plaintiff alleges that, on December 18, 2008, he submitted the appeal for second level review and that Defendant McLean affirmed Defendant Sayre's decision on January 8, 2009. (Id.) As discussed above, Defendant Sayre's denial of an immediate change of Plaintiff's medication may have caused him unnecessary pain. Thus, Defendant McLean's affirmance of this decision states cognizable Eighth Amendment and negligence claims.

Plaintiff also alleges that, on April 8, 2008, Defendant McLean denied an appeal concerning the allegedly false entry in Plaintiff's medical record stating that he had a history of drug abuse. (Id. ¶ 287.) Although there is a First Amendment right to petition the government for redress of grievances, there is no right to a response or any particular action. Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Thus, there is no

cognizable claim for denial of this 602 appeal.

### 6. Defendants Jacquez and Winslow

Plaintiff alleges that Defendant Jacquez, the Warden of PBSP, and Defendant Winslow, the statewide medical director of the CDCR, were aware of the illegal acts of the other Defendants and did nothing to take corrective action. (Id. ¶¶ 66-68.) This general allegation, without a specific allegation of an instance in which Defendants were presented with an opportunity to take corrective action, but did not, is not sufficient to establish a cognizable Eighth Amendment or negligence claim against them.

### 7. Defendant Cate

As with Defendants Jacquez and Winslow, Plaintiff alleges generally that Defendant Cate, Secretary of the CDCR, was aware of the illegal acts of the other Defendants and did nothing to take corrective action. (Id.) The only specific allegations concerning Defendant Cate are his failure to grant Plaintiff's 602 appeals. These allegations do not state a cognizable claim for relief.

### E. Conclusion

In sum, Plaintiff's allegations establish a cognizable claim against Defendants Flowers, Risenhoover, Sayre and McLean for violation of the Eighth Amendment based on deliberate indifference to serious medical need. Plaintiff's allegations establish a cognizable state law claim for negligence against Defendants Flowers, Risenhoover, Sayre, McLean, Labans and Robinson.

16

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff presents the following cognizable claims for relief:

a.  An Eighth Amendment claim for deliberate indifference to serious medical need against Defendants Flowers, Risenhoover, Sayre and McLean.

b.  A state law claim in negligence for breach of a professional duty of care against Defendants Flowers, Risenhoover, Sayre, McLean, Labans and Robinson.

2.  Plaintiff's Eighth Amendment claims against Defendants Cate, Jacquez, Labans, Robinson, and Winslow and his state law negligence claims against Defendants Cate, Jacquez, and Winslow are DISMISSED WITH LEAVE TO AMEND.  If Plaintiff wishes to pursue his claims against these Defendants, he must, within thirty (30) days of the date of this Order file an amended complaint containing only Eighth Amendment and state law negligence claims.[5]  Failure to file an amended complaint will result in the dismissal with prejudice of the non-cognizable claims against the Defendants named in this

---

[5] Plaintiff is advised to allege facts supporting his claims against each individual Defendant by listing the constitutional right that Defendant violated or the duty that Defendant breached, describing what each Defendant did or failed to do, on a date after June 18, 2007, and how each Defendant's acts or omissions caused him injury.  An amended complaint need not contain Plaintiff's preliminary statement.  The following paragraphs from the original complaint should not be included in an amended complaint because they support claims which are dismissed with prejudice, are excluded for reasons of res judicata, or are simply background information: 8-12, 14, 18-50, 64-75, 77-82, 183-275, 299-302, 317-321, 323-331.

paragraph.

3.  The claims for conspiracy and any claims based upon events that took place prior to June 18, 2007, are DISMISSED WITH PREJUDICE.

4.  Because Plaintiff is not proceeding in forma pauperis in this action, he may not rely on the United States Marshal for service of the summons and complaint without paying for this service.  See Fed. R. Civ. P. 4(c)(3).  Title 28 U.S.C. § 1921(a)(A) provides that the United States Marshal shall routinely collect, and the court may tax as costs, fees for serving a summons and complaint.  Title 28 C.F.R. § 0.114(a)(3) provides that the United States Marshal shall collect a fee for personal service of a summons and complaint at the rate of $55.00 per hour, or portion thereof, plus travel expenses.  Consequently, Plaintiff may himself arrange for service of all of the Defendants against whom cognizable claims for relief have been found or he may request the Court to order the Marshal to do so.  If Plaintiff wishes the Marshal to serve the summons and complaint, he must inform the Court of this within twenty days of the date of this Order and he must arrange to pay the required fee.  Rule 4(m) of the Federal Rules of Civil procedure provides:

> If service and summons of a complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . .

Fed. R. Civ. P. 4(m).

5.  Defendants are cautioned that Rule 4(d) of the Federal

Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and requested by Plaintiff to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than ninety (90) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to

19

Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

**United States District Court**
For the Northern District of California

(party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than seven days prior to the deadline sought to be extended.

IT IS SO ORDERED.


Dated: February 16, 2010

_____
CLAUDIA WILKEN
United States District Judge

TODD ASHKER,

        Plaintiff,

  v.

MATHEW CATE et al,

        Defendant.

_____/

Case Number: CV09-02948 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Todd  Ashker C58191
D1-119
Pelican Bay State Prison
P.O. Box 7500
Crescent City,  CA 95532

Dated: February 16, 2010

                                    Richard W. Wieking, Clerk
                                    By: Ronnie Hersler, Administrative Law Clerk