**United States District Court**
For the Northern District of California

1

2               IN THE UNITED STATES DISTRICT COURT

3          FOR THE NORTHERN DISTRICT OF CALIFORNIA

4
TODD ASHKER,                          No. 09-02948 CW
5
         Plaintiff,                   ORDER REVIEWING
6                                     FIRST AMENDED
    v.                                COMPLAINT UNDER
7                                     28 U.S.C.
MATTHEW CATE, et al.,                 § 1915A, ORDERING
8                                     SERVICE OF
         Defendants.                  COGNIZABLE CLAIMS
9    _____/ AND DISMISSING
                                      NON-COGNIZABLE
10                                    CLAIMS

11

12       On June 30, 2009, Plaintiff, an inmate at Pelican Bay State

13   Prison (PBSP), filed this civil rights complaint against several

14   Defendants alleging, among other things, an Eighth Amendment claim

15   for deliberate indifference to his serious medical needs and a

16   state medical malpractice claim.  On February 16, 2010, this Court

17   issued an Order Reviewing Complaint Under 28 U.S.S. § 1915A and

18   found that Plaintiff had stated a cognizable Eighth Amendment claim

19   against Defendants James Flowers, Sue Risenhoover, Michael Sayre

20   and Maureen McLean and that he had stated a cognizable medical

21   malpractice claim against the aforementioned Defendants and

22   Defendants Pam Labans and R. Robinson.  The Court dismissed with

23   leave to amend Plaintiff's Eighth Amendment claim against

24   Defendants Matthew Cate, Francisco Jacquez, Pam Labans, R.

25   Robinson, and Dwight Winslow and the negligence claim against

26   Defendants Cate, Jacquez and Winslow.  Plaintiff has filed a First

27   Amended Complaint (FAC) seeking to state an Eighth Amendment claim

28   against these Defendants.  The Court reviews the FAC under 28

**United States District Court**
For the Northern District of California

1   U.S.C. § 1915A.

2                           LEGAL STANDARD

3        A federal court must conduct a preliminary screening in any

4   case in which a prisoner seeks redress from a governmental entity

5   or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  In its review, the court must identify any cognizable

7   claims and dismiss any claims that are frivolous, malicious, fail

8   to state a claim upon which relief may be granted or seek monetary

9   relief from a defendant who is immune from such relief.  28 U.S.C.

10  § 1915A(b).

11       Deliberate indifference to serious medical needs violates the

12  Eighth Amendment's proscription against cruel and unusual

13  punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976);  McGuckin

14  v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

15  grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th

16  Cir. 1997) (en banc).  A determination of "deliberate indifference"

17  involves an examination of two elements: the seriousness of the

18  prisoner's medical need and the nature of the defendant's response

19  to that need.  Id.

20       A "serious" medical need exists if the failure to treat a

21  prisoner's condition could result in further significant injury or

22  the "unnecessary and wanton infliction of pain."  Id. (citing

23  Estelle, 429 U.S. at 104).  The existence of an injury that a

24  reasonable doctor or patient would find important and worthy of

25  comment or treatment; the presence of a medical condition that

26  significantly affects an individual's daily activities; or the

27  existence of chronic and substantial pain are examples of

28                                    2

**United States District Court**
For the Northern District of California

1  indications that a prisoner has a "serious" need for medical

2  treatment.  Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d

3  1332, 1337-41 (9th Cir. 1990)).

4      A prison official is deliberately indifferent if he knows that

5  a prisoner faces a substantial risk of serious harm and disregards

6  that risk by failing to take reasonable steps to abate it.  Farmer

7  v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not

8  only "be aware of facts from which the inference could be drawn

9  that a substantial risk of serious harm exists," but he "must also

10 draw the inference."  Id.  If a prison official should have been

11 aware of the risk, but was not, then the official has not violated

12 the Eighth Amendment, no matter how severe the risk.  Gibson v.

13 County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

14     In order for deliberate indifference to be established,

15 therefore, there must be a purposeful act or failure to act on the

16 part of the defendant and resulting harm.  McGuckin, 974 F.2d at

17 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

18 407 (9th Cir. 1985).  A finding that the defendant's activities

19 resulted in "substantial" harm to the prisoner is not necessary,

20 however.

21     Once the prerequisites are met, it is up to the fact-finder to

22 determine whether deliberate indifference was exhibited by the

23 defendant.  Such indifference may appear when prison officials

24 deny, delay or intentionally interfere with medical treatment, or

25 it may be shown in the way in which prison officials provide

26 medical care.  McGuckin, 974 at 1062.

27

28                                        3

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISCUSSION

In the February 16, 2010 Order, the Court found that Plaintiff had alleged that he had a serious medical need.  Whether Plaintiff has a cognizable claim against a particular Defendant for violation of the Eighth Amendment due to deliberate indifference depends on the nature of the Defendant's response to that need.  The following are Plaintiff's new allegations against Defendants.

I. Matthew Cate

Defendant Cate is the Secretary-Director of the California Department of Corrections and Rehabilitation (CDCR).  On February 1, 2008, Defendant Cate denied Plaintiff's 602 Appeal #07-11142 which addressed the alleged unconstitutional medical care PBSP medical staff had provided to Plaintiff.  On July 21, 2008, Defendant Cate denied another 602 appeal addressing the ongoing alleged unconstitutional medical treatment.  On January 13, 2009, Plaintiff sent another 602 appeal to Defendant Cate.  Although appeals are supposed to be reviewed and decided within sixty days, it was not until December 16, 2009 that Defendant Cate responded by denying the appeal.

In the February 16, 2010 Order, the Court dismissed the claims against Defendant Cate because "the only specific allegations concerning Defendant Cate are his failure to grant Plaintiff's 602 appeals.  These allegations do not state a cognizable claim."

The allegations against Defendant Cate in the FAC are also that he failed to grant Plaintiff's 602 appeals.  As stated previously, these allegations do not state a cognizable claim. Therefore, all claims against Defendant Cate are dismissed.

4

**United States District Court**
For the Northern District of California

1  II. Francisco Jacquez and Dwight Winslow

2      The FAC does not make any allegations against Defendants

3  Jacquez and Winslow.  Therefore, all claims against them are

4  dismissed.

5  III. Pam Labans and R. Robinson

6      Defendants Labans and Robinson are registered nurses employed

7  by PBSP.  On March 19, 2008, they denied, at the first level of

8  review, Plaintiff's January 14, 2008 602 appeal regarding his

9  alleged unconstitutional medical treatment.  As stated in the

10  February 16, 2010 Order, there is no cognizable claim for the

11  denial of a 602 appeal.  Therefore, Plaintiff's allegations against

12  Labans and Robinson fail to state a cognizable Eighth Amendment

13  claim.

14                        CONCLUSION

15      Based on the foregoing and the February 16, 2010 Order,

16  Plaintiff has stated the following cognizable claims for relief:

17      1. An Eighth Amendment claim for deliberate indifference to

18  serious medical needs against Defendants Flowers, Risenhoover,

19  Sayre and McLean.

20      2. A state law claim in negligence for breach of a

21  professional duty of care against Defendants Flowers, Risenhoover,

22  Sayre, McLean, Labans and Robinson.

23      3. All other claims against all other Defendants are

24  dismissed.

25      Because it appears that Plaintiff has not served his original

26  complaint on Defendants, the following, which was stated in the

27  Court's February 16, 2010, remains applicable.

28                              5

**United States District Court**
For the Northern District of California

1    4.   Because Plaintiff is not proceeding in forma pauperis in

2  this action, he may not rely on the United States Marshal for

3  service of the summons, complaint and First Amended Complaint

4  without paying for this service.  See Fed. R. Civ. P. 4(c)(3).

5  Title 28 U.S.C. § 1921(a)(A) provides that the United States

6  Marshal shall routinely collect, and the court may tax as costs,

7  fees for serving a summons and complaint.  Title 28 C.F.R.

8  § 0.114(a)(3) provides that the United States Marshal shall collect

9  a fee for personal service of a summons and complaint at the rate

10  of $55.00 per hour, or portion thereof, plus travel expenses.

11  Consequently, Plaintiff may himself arrange for service of all of

12  the Defendants against whom cognizable claims for relief have been

13  found or he may request the Court to order the Marshal to do so.

14  If Plaintiff wishes the Marshal to serve the summons and complaint,

15  he must inform the Court of this within twenty days of the date of

16  this Order and he must arrange to pay the required fee.  Rule 4(m)

17  of the Federal Rules of Civil procedure provides:

18        If service and summons of a complaint is not made upon a
          defendant within 120 days after the filing of the
19        complaint, the court, upon motion or on its own
          initiative after notice to the plaintiff, shall dismiss
20        the action without prejudice as to that defendant or
          direct that service be effected within a specified time
21        . . .

22  Fed. R. Civ. P. 4(m).

23    5.   Alternatively, Plaintiff may accomplish service of

24  Defendants pursuant to Federal Rule of Civil Procedure 4(d) which

25  provides that plaintiffs may send to the defendants a notice that

26  they are being sued and a request that they waive service of a

27  summons.  The notice must be in writing, addressed to the

28

individual defendants, name the court where the complaint was

filed, be accompanied by a copy of the complaint and amended

complaint, two copies of the waiver form, and a prepaid means for

returning the form, be sent by first class mail or other reliable

means, state the date the request was sent and give the defendant a

reasonable time, at least thirty days after the request was sent,

to return the waiver.  See Fed. R. Civ. P. 4(d)(1)(A)-(G).  The

Clerk shall mail to Plaintiff sufficient copies of the Court's

official "Waiver of Service of Summons" forms.

　　　　6. If Plaintiff asks that Defendants waive service, Defendants

are cautioned that Rule 4(d) requires them to cooperate in saving

unnecessary costs of service of the summons and complaint.

Pursuant to Rule 4(d)(2), if Defendants, after being notified of

this action and requested by Plaintiff to waive service of the

summons, fail to do so, they will be required to bear the cost of

such service unless good cause be shown for their failure to sign

and return the waiver form.  If service is waived, this action will

proceed as if Defendants had been served on the date that the

waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii),

Defendants will not be required to serve and file an answer before

sixty (60) days from the date on which the request for waiver was

sent.  (This allows a longer time to respond than would be required

if formal service of summons is necessary.)  Defendants are asked

to read the statement set forth at the foot of the waiver form that

more completely describes the duties of the parties with regard to

waiver of service of the summons.  If service is waived after the

date provided in the Notice but before Defendants have been

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  personally served, the Answer shall be due sixty (60) days from the

2  date on which the request for waiver was sent or twenty (20) days

3  from the date the waiver form is filed, whichever is later.

4       7.   Defendants shall answer the complaint in accordance with

5  the Federal Rules of Civil Procedure.  The following briefing

6  schedule shall govern dispositive motions in this action:

7            a.   No later than ninety (90) days from the date their

8  answer is due, Defendants shall file a motion for summary judgment

9  or other dispositive motion.  The motion shall be supported by

10 adequate factual documentation and shall conform in all respects to

11 Federal Rule of Civil Procedure 56.  If Defendants are of the

12 opinion that this case cannot be resolved by summary judgment, they

13 shall so inform the Court prior to the date the summary judgment

14 motion is due.  All papers filed with the Court shall be promptly

15 served on Plaintiff.

16           b.   Plaintiff's opposition to the dispositive motion

17 shall be filed with the Court and served on Defendants no later

18 than sixty (60) days after the date on which Defendants' motion is

19 filed.  The Ninth Circuit has held that the following notice should

20 be given to pro se plaintiffs facing a summary judgment motion:

21           The defendants have made a motion for summary
             judgment by which they seek to have your case dismissed.
22           A motion for summary judgment under Rule 56 of the
             Federal Rules of Civil Procedure will, if granted, end
23           your case.

24           Rule 56 tells you what you must do in order to
             oppose a motion for summary judgment.  Generally, summary
25           judgment must be granted when there is no genuine issue
             of material fact--that is, if there is no real dispute
26           about any fact that would affect the result of your case,
             the party who asked for summary judgment is entitled to
27           judgment as a matter of law, which will end your case.

28                                   8

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

When a party you are suing makes a motion for summary
judgment that is properly supported by declarations (or
other sworn testimony), you cannot simply rely on what
your complaint says.  Instead, you must set out specific
facts in declarations, depositions, answers to
interrogatories, or authenticated documents, as provided
in Rule 56(e), that contradict the facts shown in the
defendant's declarations and documents and show that
there is a genuine issue of material fact for trial.  If
you do not submit your own evidence in opposition,
summary judgment, if appropriate, may be entered against
you.  If summary judgment is granted in favor of
defendants, your case will be dismissed and there will be
no trial.

Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of

Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

(party opposing summary judgment must come forward with evidence

showing triable issues of material fact on every essential element

of his claim).  Plaintiff is cautioned that because he bears the

burden of proving his allegations in this case, he must be prepared

to produce evidence in support of those allegations when he files

his opposition to Defendants' dispositive motion.  Such evidence

may include sworn declarations from himself and other witnesses to

the incident, and copies of documents authenticated by sworn

declaration.  Plaintiff will not be able to avoid summary judgment

simply by repeating the allegations of his complaint.

c.  If Defendants wish to file a reply brief, they shall

do so no later than thirty (30) days after the date Plaintiff's

opposition is filed.

d.  The motion shall be deemed submitted as of the date

the reply brief is due.  No hearing will be held on the motion

unless the Court so orders at a later date.

9

**United States District Court**
For the Northern District of California

8.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

11.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than seven days prior to the deadline sought to be extended.

12.   The Court orders the Clerk of the Court to send this Order to PBSP Litigation Coordinator Harlan Watkins and to the California Attorney General and to mail courtesy copies to each Defendant so that Defendants have prior notice of this lawsuit and of the consequences if they fail to waive formal service and require service by the United States Marshal.


IT IS SO ORDERED.

Dated: June 1, 2010                          _____
                                             CLAUDIA WILKEN
                                             United States District Judge

10

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER,

        Plaintiff,

  v.

MATHEW CATE et al,

        Defendant.

Case Number: CV09-02948 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 1, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Todd Ashker C58191
D1-119
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: June 1, 2010

                        Richard W. Wieking, Clerk
                        By: Ronnie Hersler, Administrative Law Clerk

**United States District Court**
For the Northern District of California

11